IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maryann Elizabeth Albertson, ) | Civil Action No. 1:10-1618-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Plaintiff filed this appeal seeking judicial review of a final decision of Defendant Commissioner of Social Security's denial of Plaintiff's application for social security benefits. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation recommending that the Commissioner's decision be reversed and remanded for further proceedings as set forth herein. (Dkt. No. 24). Defendant has objected to the Report and Recommendation (Dkt. No. 27). As detailed herein, this Court adopts the Report and Recommendation of the Magistrate Judge as the Order of this Court.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept,

1

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b) (1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The Court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's

findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

## Law/Analysis

This Court has reviewed the Record, the Magistrate's Report and Recommendation, and the Defendant's objections *de novo*. Having done so, this Court has explained below why reversal is warranted.

Plaintiff alleges that the ALJ made two specific errors in denying her benefits: (1) by finding Plaintiff did not meet or medically equal Listing 12.04 (Affective Disorders) and by not including the required Listing 4 analysis in his decision, and (2) by discounting the opinion of Plaintiff's treating psychiatrist, Dr. Alexander. The Commissioner contends that the ALJ's decision is supported by substantial evidence and free of legal error.

Plaintiff first argues that the ALJ's determination that she did not meet or medically equal Listing 12.04 was flawed and not supported by substantial evidence. (Dkt. No. 15 at 8-10; Dkt. No. 22 at 1-2). Listing 12.04 relates to major depressive disorder ("MDR") and requires an applicant to meet either paragraphs A and B or paragraph C of the Listing. Listing 12.04 impairments are so severe that they prevent all gainful activity (20 C.F.R. § 404.1525), and once a claimant's impairment satisfies Listing 12.04 requirements for at least a year she is deemed disabled without further assessment (20 C.F.R. § 404.1520(a)(4)(iii)). The ALJ found that Plaintiff was severely impaired by major depressive disorder and anxiety disorder (Tr. at 13), but he did not find that these severe impairments met or medically equaled the impairments in Listing 12.04. (Tr. at 14).

Fourth Circuit precedent requires an ALJ to "identif[y] the relevant listed impairments[,]" and then "compare[] each of the listed criteria to the evidence of [the claimant's] symptoms" when determining if a claimant meets or medically equals a Listed impairment. *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). "Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination." *Id.* In this case, the ALJ failed to explain the meaning of Listing 12.04, briefly explained only one of the relevant paragraphs, indicated that the evidence failed to establish that Plaintiff met the criteria for paragraphs B and C and states that the rationale for his finding will be set out "in further detail below," but does not do so. (Tr. at 14). Plaintiff contends that the ALJ's explanation is deficient and is therefore a violation of the Commissioner's regulatory mandate. This Court agrees with the Plaintiff.

The Commissioner responded by explaining the ALJ's decision through reference to evidence in the record (Dkt. No. 19-22), but this type is not sufficient to remedy the ALJ's failure to include explanation of his findings in the decision he issued. *Steel v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002). The Commissioner also attempts to defend the ALJ by citing to specific pages that the ALJ allegedly provided adequate support for his finding. A review of the decision, however, does not corroborate his claim because only one of the ALJ's cited explanations satisfactorily explains his decision. (Tr. at 14). The ALJ relied on vague comments about isolated and unrelated events, such as involvement in her daughter's wedding and hosting Christmas dinner, to make the determination that Plaintiff was able to complete tasks and was not distractible. (Tr. at 16). These events are not indicative of Plaintiff's limitations. Furthermore, Listing

4

12.00(c) advises that when evaluating Paragraph B criteria, a "marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with your ability to function independently, appropriately, effectively, and on a sustained basis. *See* §§ 404.1520a and 416.920a." Additionally, Dr. Alexander, Plaintiff's treating psychiatrist, indicated that he believed Plaintiff's anxiety and depression were both severe enough to meet the qualifications for paragraph C of Listing 12.04. (Tr. at 17). The ALJ discounted Dr. Alexander's, Plaintiff's treating psychiatrist's opinion and made no reference to it in his brief discussion of Listing 12.04.

The limited assessment and explanation the ALJ provided in his report did not sufficiently support his decision that the Plaintiff's condition and restrictions did not warrant a Listing 12.04 classification. Therefore, this Court remands this matter for the ALJ to conduct a thorough analysis of whether Plaintiff's impairments meet the criteria of Listing 12.04. On remand, the ALJ should provide a detailed report which includes the criteria of Listing 12.04 and a detailed explanation of his findings with citations to evidence in the record that supports his conclusion.

Plaintiff's second allegation concerns the ALJ's decision to discount Dr. Alexander's opinion. The Social Security Administration typically gives greater weight to the opinion of a claimant's treating physician; however, they are not required to give that testimony controlling weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). The ALJ can decide to give less weight to the treating physician's opinion if there is "persuasive contrary evidence." *Mastro v Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

5

Here, Dr. Alexander provided two opinions, one in July of 2006 and the other in September 2008. In 2006, Dr. Alexander diagnosed plaintiff with MDR, noted that medications were helping, and stated that Plaintiff's mental condition caused "moderate work-related limitations." In 2008, Dr. Alexander evaluated Plaintiff and opined that her condition satisfied the criteria for paragraphs A and C of Listing 12.04. (Tr. at 377-78). Although the ALJ recognized that Dr Alexander was Plaintiff's treating doctor whose opinion should be given controlling weight if it is well supported and consistent with the record, he chose to discredit the opinion stating that it was "not consistent with either her own treatment notes or her prior medical opinion," referring to her 2006 assessment. (Tr. at 17). The ALJ does not support this conclusion with other substantial evidence from the record, but instead references observations from Dr. Alexander's notes that are not significant to the Listing 12.04 criteria.

The Fourth Circuit has held that when discounting the opinion of a treating source, the ALJ is required to explain his reasons for doing so in a way that permits the court to review the ALJ's decision. *See Deloatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983). The ALJ did not do so in the case at bar, nor did he provide substantial evidence from the record to the contrary. As an alternative, he gave "substantial weight" to the opinion of a state agency consulting psychologist who opined that Plaintiff could carry out short and simple instructions with no ongoing interaction with the public. (Tr. at 16). Although the ALJ gave this opinion "substantial weight" he did not discuss it in detail and merely cites to Exhibit 20F which was prepared by Judith Von, Ph.D and is dated November 6, 2006, almost two years prior to Dr. Alexander's more recent opinion from September of 2008.     The weight the ALJ's gave Dr. Anderson's 2006 notes and

6

the opinion from the state agency psychologist are particularly problematic to the Plaintiff because she asserts that her conditions "deteriorated between 2006 and 2008." Dkt. No. 22 at 2. The ALJ should therefore review the evidence in the record with particular attention to the appropriate time frame.

This Court therefore finds that the ALJ should review the opinions of Dr. Alexander and the state agency consulting psychologist as well as Plaintiff's treatment records so the he can provide a detailed explanation of the rationale for his resulting determinations.

## Conclusion

Accordingly, the denial of benefits is **reversed and remanded** pursuant to sentence four of section 405(g) as outlined herein.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 22, 2011
Charleston, South Carolina