IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Maryann Elizabeth Albertson, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Michael J. Astrue, Commissioner ) <br> of Social Security Administration, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Civil Action No. 1:10-1618-RMG <br><br> **ORDER** |

This matter comes before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 30). Plaintiff seeks an award of $2,287.88 on the basis of an hourly rate of $163.42 per hour for 14 hours of legal work. Defendant does not contest Plaintiff's hourly rate or hours expended but objects to an award under EAJA on the basis that the Government's litigation position was "substantially justified." (Dkt. No. 31).

Under the provisions of EAJA, parties prevailing against the United States are entitled to an award of attorney's fees unless the Government can carry its burden of demonstrating that its litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable . . . both in law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 565-566 (1988). The Government's

-1-

position is substantially justified where "a reasonable person could think it correct . . .". *Id.* at 566 n. 2.

Plaintiff filed an appeal of the final decision of the Commissioner denying her application for Social Security disability benefits which raised obvious deficiencies in the Administrative Law Judge's ("ALJ") decision regarding the ALJ's listing analysis and evaluation of the testimony of Plaintiff's treating physician. (Dkt. No. 15). Rather than acknowledge that the ALJ had failed to make necessary and sufficient findings upon which adequate judicial review could be performed, the Commissioner made his own analysis of the record and sought to persuade the Court that there was a sufficient basis to uphold the denial of benefits notwithstanding the lack of appropriate findings by the ALJ. (Dkt. No. 17). The Magistrate Judge recommended that the decision of the Commissioner be reversed and remanded to make the necessary findings and to make the appropriate evaluation of the treating physician's opinions. (Dkt. No. 24). The Government objected to the Report and Recommendation of the Magistrate Judge. (Dkt. No. 27). The Court adopted the Report and Recommendation of the Magistrate Judge, finding that the ALJ decision had a deficient listing analysis and had failed to make a proper evaluation of the treating physician's opinions, as required by relevant regulatory and case law. (Dkt. No. 28).

The Court finds that the Government's litigation position in regard to the appeal was not substantially justified because the deficiencies in the ALJ order should have been apparent to any person familiar with the legal standards associated with a Social Security disability claim. The Court finds that Defendant has not carried its burden of establishing that the Government's litigation position was substantially justified and Plaintiff is entitled to an award of attorney's fees under EAJA.

The Court has reviewed Plaintiff's request for attorney's fees of $2,287.88, based upon an hourly rate of $163.42 per hour and 14 hours of attorney time. Defendant has not objected to the hourly rate, the hours expended or the total award. The Court has reviewed the proposed award requested by Plaintiff and find that it is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). Therefore, the Court hereby grants an attorney's fee award to Plaintiff in the amount of $2,287.88, which shall be made payable to Plaintiff and delivered to Plaintiff's counsel.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court

Charleston, South Carolina
February 23, 2012

-3-